UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANTONIO L. CAMPBELL,

               Plaintiff,

-against-

XR FOODS/DBA BURGER KING,

               Defendant.

21-CV-6742 (LTS)

TRANSFER ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e to 2000e-17, and the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621-634. Plaintiff alleges that his former employer discriminated and retaliated against him based on his race, sex, religion, and age. For the following reasons, this action is transferred to the United States District Court for the Western District of Washington.

## DISCUSSION

A Title VII claim must be asserted in:

> any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such [a claim] may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3).

Claims brought under the ADEA are governed by the general venue provision, 28 U.S.C. § 1391. *See, e.g.*, *Holmes v. Romeo Enterprises, LLC*, No. 15-CV-3915 (VB), 2015 WL 10848308, at *3 (S.D.N.Y. Nov. 2, 2015) (noting that "[n]otwithstanding the [ADEA'S] reference

to 'any court of competent jurisdiction,' the general venue provision in Section 1391(b) still applies" to ADEA claims). Under the general venue provision, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391.

Plaintiff does not allege facts suggesting that venue for his employment discrimination claims is appropriate in this Court. According to the complaint, Plaintiff was employed by Defendant XR Foods DBA Burger King in Blaine, Washington. In support of his claims, Plaintiff attaches to the complaint a charge of discrimination that he filed with the Washington State Human Rights Commission. (ECF 2 at 9.) Although Plaintiff asserts that he now resides in New York, New York, he does not allege that the unlawful employment practices occurred in New York, that the relevant employment records are maintained or administered in New York, or that he would have worked in New York but for the unlawful employment practices. *See* 42 U.S.C. § 2000e-5(f)(3). Nor does Plaintiff allege that Defendant resides in this State, or that a substantial part of the events or omissions giving rise to the claim occurred in New York. Accordingly, this Court does not appear to be a proper venue for Plaintiff's claims.

When a plaintiff brings an action in a district where venue is improper, the Court must either dismiss the action or transfer it to a district court where venue is proper. *See* 28 U.S.C. § 1406(a); *Atl. Marine Constr. Co., Inc. v. U.S. D. Co. for the W. Dist. of Tex.*, 134 S. Ct. 568, 578 (2013). Plaintiff's claims arose in Blaine, Washington, which is where he was employed, and where Defendant has its principal office. Blaine, Washington is in Whatcom County, which is located within the Western District of Washington. *See* 28 U.S.C. § 128(b). Accordingly, venue

lies in the Western District of Washington, 28 U.S.C. § 1391(b)(2), and the Court transfers this action to the United States District Court for the Western District of Washington, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Western District of Washington. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is further directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   October 8, 2021
         New York, New York

                                                    /s/ Laura Taylor Swain
                                                    LAURA TAYLOR SWAIN
                                                    Chief United States District Judge